Washburn, J.
(orally).
The ease of The Elyria Milling Company against, John Swartz has been submitted on a motion to set aside a default judgment rendered at the last term of court, it being claimed that the default judgment was taken before the answer day, and was therefore irregular.
It appears from the testimony introduced at the hearing that this case was begun before a justice of the peace, and a judgment was rendered in favor of the defendant on December 30, 1904; the transcript for an appeal was filed in this court on January 14, 1905; the plaintiff filed its petition in this court on January 20,1905, and judgment by default was entered on March 6,1905.
As I have said, it is claimed that this judgment was entered before the answer day.
Section 6585 provides that “the transcript in an appeal from a justice court shall be delivered to the clerk of the court to which such appeal may be taken on or before the thirtieth day from the rendition of the judgment appealed from. ’ ’
That would make the last day on which the transcript could be filed, January 29, 1905.
Section 6598 provides:
“The rule day for filing petition in the court of common pleas in a ease appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the *253 transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons.” ■ . , ’
•Under this section, the last day on which thé petition could have been filed was February 18, 1905, and according' td said section, the answer “shall he filed within such times thereafter (that is, after the third Saturday after the expiration of said thirty days), as is provided for the filing thereof in oases commenced,” in the court of common pleas.
Section 5097 provides that: “The answer shall be filed on op before tbe third Saturday after the return day of the' sumk mons;” that would make March 11, 1905, the last day oh which the answer could be filed in -this case. Default was takdh oh March 6, 1905, and was therefore taken before the answer day.-
Section 5354 provides that:
“The common pleas court * * may vacate or modify its own judgment -or order, after the term at which the same was made, for irregularity in obtaining the judgment or order.”
In the 34th O. S., at page 123, the court decides that:
“A judgment rendered by-default, before the expiration of the day named- in the summons for answer, may be reversed- on error. ’ ’
And the court in deciding the case on -page 126, says: ’'Aj
“And that to render judgment under the circumstances disclosed in this record, was not merely an irregularity, to be only corrected by motion in the court of original jurisdiction, but an' error, to correct which the jurisdiction of the district court was properly invoked. ”
In the 58th O. S., at page 202, the court decides that:
“The rendition of judgment for plaintiff, as upon- default, where a demurrer has been duly filed to the petition and remains undisposed of, is an ‘irregularity in obtaining a judgment,’ for which the court may, upon motion and a proper-showing, vacate the judgment.”
This then was an irregularity with-in the meaning of spb,division three-of said Section 5354. ,.
*254 ■Section 5357 provides that:
“The proceedings to correct * * * irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party.”
That notice was given in this case, or if it was not, the adverse party appeared and defended, which would be a waiver of such notice. 43 O. S., 198; 46 0. S., 639. ,
The real question in this ease is, whether there was sufficient evidence introduced at the hearing to justify the court in making an order, either suspending or conditionally vacating said judgment. It being claimed that as there was no evidence introduced at the hearing as to the validity of the defense which the defendant might have to said action, that therefore the court has no right to make such order.
Section 5359 provides:
“The court must first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action. ’ ’
I have tried and found in this case that there are grounds to suspend said judgment.
Section 5360 provides that:
“A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered. * * * And when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment. ’ ’
Within the meaning of this section, how is it intended that it shall be ‘ ‘ adjudged that there is a valid defense to the action in which the judgment was rendered”; and who is to so adjudge?
■ In thi 25th 0. S., at page 345, the court, in deciding that case, says:
“When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be adjudged that there is a valid defense to the action. In order that the validity of the defense may be ad *255 judged, an issue or issues should be made up by proper pleadings. If the prooeeding to vacate or modify be by motion, the defendant should be required to- file his answer to the original petition, with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue Hereon by reply or demurrer. When the issue is thus made up, it should be tried as in other case.”
After such trial, and not before, the court is authorized to render a final judgment 'or order of vacation of modification of the original judgment. To the same effect is the case in the 25th O. S., at page 659.
In the 46th O. S., page 639, the court decides that:
“Although the court may have decided that there is good ground to vacate on motion such judgment rendered on default at a preceding term, it is error to vacate the same before it has been adjudged that there is a valid defense to the action.”
And in deciding the case, the court, in speaking of the 24th 0. S-, 625, and of Section 5360, says:
‘ ‘ It was construed to be the meaning of the statute, that when the court has decided that there is good ground to vacate, the judgment to vacate should be suspended until after the cause is tried; and if, on such trial, the defense is established, then judgment of vacation is to be entered; or, if the defense fails, the judgment is to be affirmed, or such other judgment entered as the result of the trial indicates. ,
“The object of this provision of the statute, in suspending judgment to vacate until it shall be adjudged that there is a valid defense to the action, is to preserve all liens and rights of parties under the original judgment, in case a similar judgment should be rendered upon the trial of the case. ’ ’
Under the foregoing authorities, Sections 5359 and 5360, it seems to me to mean that all the court is called upon to do in the first instánce is to decide that proper ground exists for the vacation o-r modification of the judgment, and that then, if it is a jury case, it is the duty of the court, where the proceeding is by motion in the original case, to make an order suspending the judgment, and preserving all liens obtained under it until such *256 time as it shall be adjudged by a jury that there is or is not a valid defense to the action.
Johnston <& Leonard, for plaintiff.
Thompson, Glitsch & Cinniger, for defendant.
But it is said that the court should have before it some evidence as to the character of the defense which the defendant claims to have, so that the court may decide, admitting the facts to be as the defendant claims, whether or not the facts constitute a defense.
I can see how it might be proper for a court, where the proceedings are by petition, under Section 5358, where the party is required to set out the defense claimed, and where issue is joined thereon, to adjudge that the defense is no valid defense, because the pleadings show that what he claims as a defense is in law not sufficient, and the court might, under such circumstances, adjudge that he had no defense, and therefore refuse to suspend or vacate the judgment. But that would not apply to a case where the proceeding is by motion, where the defense claimed is not required to be set up in the motion.
Even if some evidence as to the validity of the defendant’s defense was necessary in this case, it appears by the transcript that judgment was in his favor in the court below, and there being no other evidence on that subject, it seems to me that that is some evidence tending to show that he has a valid defense.
But whether or not there was any evidence as to the validity of the defendant’s defense, I feel certain that under the foregoing decisions of the Supreme Court, this proceeding being by motion, that the court can do nothing else but order a suspension of the judgment in this ease, preserving the liens obtained thereunder, and require the defendant to answer, setting up his defense, and permit the plaintiff to reply thereto, and then submit the case to a jury, and, after verdict is obtained, make such order as to the vacation of the default judgment as the verdict warrants. And such will be the order in this case. .